IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERVIN LEE SMITH,

       Petitioner,

v.                                                Civil Action No. 3:04CR27-03
                                                Criminal Action No. 3:05CV101

UNITED STATES OF AMERICA,          (JUDGE BAILEY)

       Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED
AND DENYING MOTION TO COMPEL SPECIFIC PERFORMANCE,
MOTIONS TO APPOINT COUNSEL, AND MOTION FOR STATUS**

**I. INTRODUCTION**

On September 19, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its Motion to Dismiss and response December 7, 2005. Petitioner was given a Roseboro notice March 30, 2006. Petitioner filed a reply August 28, 2006.

**II. FACTS**

A.    **Conviction and Sentence**

On June 7, 2004, petitioner signed a plea agreement by which he agreed to plead guilty to Count four, distribution of cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 841(a)(1). In the plea agreement, the parties stipulated to the total drug relevant conduct of 1,186.772 grams of cocaine base, also known as "crack." Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

1

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

On June 21, 2004, the petitioner entered his plea in open court. Petitioner was 29 years old and educated through the 11th grade. (Plea transcript p. 6) The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 20-21) The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 21) Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id.) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 30-33) During the plea hearing, the Government presented the testimony of Kevin Miller, of the Martinsburg Police Department to establish a factual basis for the plea. (Id. at 34-37) The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count four of the indictment. (Id. at 38) The petitioner further stated

2

under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id.) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 39) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty (Id. at 40)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (Id.) The petitioner did not object to the Court's finding.

On September 9, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 151 months imprisonment.

**B.    Appeal**

Petitioner did not file a direct appeal.

**C.    Federal Habeas Corpus**

Petitioner contends that his counsel was ineffective for allowing petitioner to unknowingly waive his constitutional right to appeal. Additionally, petitioner contends that his counsel was ineffective for allowing petitioner to waive his appellate right, based on the decision Blakely v. Washington. Petitioner further contends that relevant conduct and the Sentencing Guidelines are no longer acceptable. Petitioner also contends that his counsel manipulated him into agreeing to the relevant conduct stipulation.

The Government contends that the Court conducted a thorough Rule 11 hearing to establish petitioner knowingly, voluntarily, and intelligently waived his appellate and post-conviction relief rights. Petitioner also indicated during the Rule 11 hearing that he was satisfied with his counsel's representation. Because of the valid waiver of appellate rights, the Government contends that petitioner's grounds are without merit. Lastly, petitioner has failed to prove that his counsel was ineffective according to the standard in Strickland v. Washington.

**D.** **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. Petitioner's motions for appointment of counsel, motion to compel specific performance, and motion for status report are denied.

## III. ANALYSIS

**A.    Waiver**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights.

Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403 F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished IAC claims raised in a § 2255 case, from those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a

> claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir. 1995), also supports such a distinction. Braxton at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

**B.      Blakely Claim**

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." On June 24, 2004, the Supreme Court applied this ruling to the State of Washington's sentencing scheme and found that the imposition of state sentencing enhancements - based solely on factual findings by the court - violated a defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted by the defendant nor found by a jury. See Blakely v. Washington, 542 U.S. 296, 301-303 (2004). In addition, the Court expressly noted that it was not considering the constitutionality of the federal sentencing guidelines. Id. at 305, n 9. Subsequently, however, the Supreme Court took up this issue in United States v. Booker, 543 U.S. 220 (2005).

In Booker, the Supreme Court held that Blakely applies to the federal sentencing guidelines, and therefore, the Sixth Amendment is violated when a district court imposes a mandatory sentence under the Guidelines that is greater than the maximum authorized by the facts found by the jury alone. Booker, 543 U.S. at 243. Additionally, the Court held that two provisions of the statute creating the guidelines system must be excised to make them compatible with the Sixth Amendment, thereby rendering the guidelines advisory. Id. at 258-261.

To the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) such is waived. See United States v. Blick, 408 F.3d 162 (4th Cir. 2005). Even if it weren't waived, Blakely, now Booker, does not apply retroactively to §2255 motions when the judgment became final as of the date the Supreme Court issued Booker.

9

See, Varela v. United States, 400F.3d 864 (11th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005). Because the petitioner's conviction became final prior to the issuance of the Booker decision, in accordance with the just mentioned decisions, the Court finds that the petitioner is not entitled to have Booker applied retroactively to his sentence.

On June 21, 2004, the petitioner entered the plea of guilty to count four of the indictment in open court pursuant to a written plea agreement. The written plea agreement contained a standard waiver of appellate and post-conviction relief rights. The United States Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004) on June 24, 2004. However, even if Blakely is applicable to the instant case, petitioner's claim is still without merit because he was sentenced within the statutory penalty maxiumum.

In the instant case, petitioner was indicted of Count four, the unlawful distribution of 1.3 grams of cocaine base. The statutory maximum penalty petitioner for the charge is up to 20 years incarceration, a fine of $1,000,000, and a term of supervised release of at least 3 years pursuant to Title 21, United States Code, Section 841(b)(1)(C). Petitioner was sentenced to 151 months incarceration. Therefore, petitioner's claim is without merit because he was not unconstitutionally sentenced above the statutory maximum.

### C. Motions for Appointment of Counsel

Petitioner filed four motions for appointment of counsel. (Dkt. Nos. 383, 384, 387, and 391) An indigent plaintiff may be entitled to appointment of counsel only after a showing of a particular need or exceptional circumstance. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). Neither has been demonstrated by petitioner. MOTIONS DENIED.

### D. Motion to Compel Specific Performance

Petitioner filed a motion to compel specific performance (Dkt. No. 208) September 20, 2005. Petitioner contends his plea agreement provided the government would file a motion under Fed. R. Crim. P. 35(b) for sentence reduction in exchange for his substantial assistance to the D.E.A. and the United States Attorney's office. Federal Rule of Criminal Procedure 35 governs correcting and reducing sentences. Sentence reductions for substantial assistance are governed by Federal Rule of Criminal Procedure 35(b)(1); (b)(2). The Fourth Circuit has held that "the decision not to make a downward departure is within the government's discretion." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). The only exception to the government's prerogative is when the government declines to ask for a substantial assistance reduction based on constitutionality impermissible motivation. Wade v. United States, 504 U.S. 181, 186 (1992). Unless a defendant can make a "substantial threshold showing" of these impermissible motives, the inquiry must end. United States v. LeRose, 219 F.3d 335, 342 (4th Cir. 2000). However, the government only receives such unfettered discretion when it does not bind itself by a plea agreement, for the government may make a plea agreement obligating it to file a Rule 35 motion and he Court may review its failure to file it. United States v. Hartswell, 448 F.3d 707, 714 (4th Cir. 2006).

The Court concludes petitioner was not entitled to have the government file a Rule 35 motion under his plea agreement and therefore his motion must fail. The plea agreement does not contain any provision relating to a Rule 35 motion. Rather, as the government's brief asserts, the agreement simply provided the government would ask for a three level sentence reduction under the Guidelines. Thus, the matter was prosecutorial discretion. Since petitioner has made no "substantial threshold showing" of constitutionally impermissible government motives, his Rule 35 argument is unpersuasive. The plea agreement contains no such agreement. The transcript of the sentencing hearing contains no such agreement. MOTION DENIED.

### E.    Motion for Status Report

Petitioner filed a motion for status report (Dkt. No. 374) November 13, 2006, concerning his motion to compel specific performance. MOTION DENIED AS MOOT.

## IV. **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. Petitioner's motions for appointment of counsel, motion to compel specific performance, and motion for status report are denied.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 13, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE